FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAY 22  PH 3: 54

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAKE JAMES, JR. and MRS. MONICA LEWIS** | * CIVIL ACTION: |
| **JAMES, Individually As Administrator and** | * |
| **Administratrix, Respectively, of The Estate of** | * **02-1574** |
| **Their Minor Son DEVEN JAMES LEWIS,** | * NO: |
| **Deceased; and as Natural Tutor and Tutrix,** | * |
| **Respectively of Their Minor Son JAKE JAMES,** | * **SECT. F MAG 4** |
| **III, and of Their Minor Daughter JAKELINN** | * |
| **JAMES; and MS. ANNIE MAE CARTER** | * |
| | * JUDGE: |
| **VERSUS** | * |
| | * |
| **TIG INSURANCE COMPANY, ET AL.** | * MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   **The Honorable Judges of the**
      **United States District Court for the**
      **Eastern District of Louisiana**

Pursuant to 28 U.S.C. §§ 1441 and 1446, TIG Insurance Company hereby files this

Notice of Removal of the captioned civil action to the United States District Court for the

Eastern District of Louisiana based on diversity jurisdiction and state as follows:

Page 1

**I.**

This action was brought in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, by service of a Petition and Citation on the defendant, TIG Insurance Company.  The civil action number is 580-362 and is entitled "Jake James, Jr. and Mrs. Monica Lewis James, Individually As Administrator and Administratrix, Respectively, of The Estate of Their Minor Son Deven James Lewis, Deceased; and as Natural Tutor and Tutrix, Respectively of Their Minor Son Jake James, III, and of Their Minor Daughter Jakelinn James; and Ms. Annie Mae Carter v. TIG Insurance Company, et al."

**II.**

This is a civil action brought by the plaintiffs, Jake James, Jr. and Mrs. Monica Lewis James, Individually As Administrator and Administratrix, Respectively, of The Estate of Their Minor Son Deven James Lewis, Deceased; and as Natural Tutor and Tutrix, Respectively of Their Minor Son Jake James, III, and of Their Minor Daughter Jakelinn James; and Ms. Annie Mae Carter, are majors domiciled in the Parish of Jefferson, State of Louisiana, seeking to recover damages for alleged injuries and damages as a result of an alleged incident.

**III.**

This action involves a controversy which is wholly between citizens of different states. The plaintiffs are citizens of the State of Louisiana.  The defendant, TIG Insurance Company, is

a foreign Corporation incorporated under the laws of the State of California with its principal

place of business located in the State of Texas.  The defendant, Mark Johnson, is a resident of the

State of Arkansas.

## IV.

TIG Insurance Company was served with the Petition on May 7, 2002.

## V.

This action is one over which the District Courts of the United States are given original

jurisdiction under 28 U.S.C. Section 1332.  This Court has subject matter jurisdiction over this

action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of

$75,000 and it is, in truth and fact, a civil action between citizens of different States.  The

captioned civil action is therefore removable to this United States District Court pursuant to 28

U.S.C. §1441(a) and (b).

## VI.

The amount in controversy in this action exceeds the jurisdictional amount of $75,000

established by law for federal court jurisdiction.

## VII.

The Fifth Circuit has established a framework for determining whether the amount-in-controversy requirement is satisfied in removal cases. A defendant satisfies the requirement by either (a) demonstrating that it is "facially apparent" from the complaint that the claims likely involve an amount greater than $75,000; or (b) setting forth in the removal petition, or by way of affidavit, facts in controversy "that support a finding of the requisite amount."[1] In addition, courts may look to damage awards in analogous cases to determine the amount in controversy in the case at bar.

## VIII.

Even where a plaintiff pleads a specific amount in controversy that is below the jurisdictional minimum, "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount."[2]

---

[1] *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999). Post-notice affidavits in support of removal are even permitted so long as relevant to the time of removal. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (post-petition affidavits are allowable if relevant to the time of removal) *See also Douglas v. PCS Nitrogen Fertilizer*, C.A. No. 00-212-C-M3 (M.D. La. Jun. 16, 2000) ("The removing defendant may rely, however, upon submissions filed after removal, so long as the post-removal filing sets forth jurisdictional facts developed at the time of removal."). *See, e.g., Marcel v. Pool Company*, 5 F.3d 81, 82 (5th Cir. 1993) (surveying damages awards in similar personal-injury cases to determine whether, on the basis of the injuries alleged by plaintiffs, amount in controversy exceeded threshold).

[2] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, n.14 (5th Cir. 1995) (citing *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

Where a defendant is capable of making such a showing, removal is appropriate unless the plaintiff proves that he was "legally bound to accept less," at the time of removal.[3]

### IX.

A copy of all process, pleadings and orders served upon the defendants are attached hereto as Exhibit "A".

### X.

This action is removable under and by virtue of the acts of Congress of the United States and the defendants desire to remove it to this Court.

### XI.

Accordingly, the defendant, TIG Insurance Company, asks that the above entitled action be removed to this Court, the United States District Court for the Eastern District of Louisiana, in accordance with the provisions of 28 U.S.C. Section 1441 et seq.

---

[3] *See St. Paul Mercury Indem.*, 303 U.S. at 292; *Boelens*, 759 F.2d at 507.

Respectfully submitted,

**_HAILEY, McNAMARA, HALL, LARMANN_**
**_& PAPALE, LLP_**

BY: _____

**LAURENCE E. LARMANN, T.A. #8044**
**ROGER A. JAVIER, #26056**
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504)836-6500
**Attorneys for Defendant, TIG Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 22 day of May , **2002** served a copy of the foregoing pleading on counsel for all parties, by mailing same by United States mail, properly addressed and first class postage prepaid.

_____

**LAURENCE E. LARMANN**
**ROGER A. JAVIER**

Page 6

# STATE OF LOUISIANA
# SECRETARY OF STATE

HELEN CUMBO
ADMINISTRATOR
COMMERCIAL DIVISION

5/08/02

LEGAL SERVICES SECTION
P.O. BOX 94125, BATON ROUGE, LA 70804-3125
(225) 922-0415

TIG INSURANCE COMPANY
MR. FRANK MONTEMARANO
5205 N. O'CONNOR BLVD.
IRVING, TX   75039

**RECEIVED**
MAY 1 3 2002
C. CRAVENS

SUIT NO: 580362
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

B01131310
41L

JAKE JAMES, JR., ET AL
vs
TIG INS. CO., ET AL

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding.
Please call the attorney that filed this document if you have any questions
regarding this proceeding.  If you received this document in error, please
return it to the above address with a letter of explanation.

Yours very truly,

W. FOX McKEITHEN
Secretary of State

Served on: HELEN CUMBO
Served by: J. BROWN

Date:   5/07/02 at  3:00 PM
Title: DY. SHERIFF

| Received | Number | Date | Paid By | Amount |
|---|---|---|---|---|
| CHECK/M.O. | 2824 | 5/01/02 | ATES & ASSOCIATES | 25.00 |

MS

# NO. 474567





**EXHIBIT**
**A**

(101) Citation: ISS PET WRONGFUL DEATH. ; INTERR, REQ PROD, 1ST REQ   020501-8783-6
ADMISS, 1ST REQ ADMISS, NOT DEPO, NOTICE OF OBJECTION

**24TH JUDICIAL DISTRICT COURT**
**PARISH OF JEFFERSON**
**STATE OF LOUISIANA**

**DIV. F**
**JUDGE**
**PATRICK J. McCABE**

JAKE JAMES, JR. AND MRS. MONICA LEWIS JAMES,
INDIVIDUALLY AS ADMINISTRATOR AND
ADMINISTRATRIX, RESPECTIVELY OF THE ESTATE OF
THEIR MINOR SON , DEVEN JAMES LEWIS, DECEASED;
AND AS NATURAL TUTOR AND TUTRIX, RESPECTIVELY     Case: 580-362   Div: "F"
OF THEIR MINOR SON , JAKE JAMES,III, AND OF THEIR   P 1 JAKE JAMES JR
MINOR DAUGHTER  JAKELINN JAMES, AND MS. ANNIE
MAE CARTER
     versus
TIG INSURANCE COMPANY, ET AL

                                                   SERVED ON
                                                   HELEN CUMBO
To: TIG INSURANCE COMPANY
THROUGH THE SECRETARY OF STATE     S/S #2824 $25.00
BATON ROUGE LA                     EBR #2825 $25.04     MAY 0 7 2002

                                                   ADMINISTRATOR
                                                   COMMERCIAL DIVISION

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the **PETITION FOR
WRONGFUL DEATH DAMAGES, SURVIVAL ACTION DAMAGES, BYSTANDER DAMAGES,
PERSONAL INJURY DAMAGES, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
DAMAGES AND SPECIAL DAMAGES, FIRST SET OF INTERROGATORIES PROPOUNDED TO
DEFENDANTS MARK JOHNSON AND TIG INSURANCE COMPANY, REQUEST FOR
PRODUCTION AND INSPECTION PROPOUNDED TO DEFENDANTS MARK JOHNSON AND TIG
INSURANCE COMPANY, FIRST REQUEST FOR ADMISSIONS OF FACTS PROPOUNDED TO
DEFENDANT TIG INSURANCE COMPANY, FIRST REQUEST FOR ADMISSIONS OF FACTS
PROPOUNDED TO DEFENDANT MARK JOHNSON, NOTICE OF DEPOSITION AND NOTICE OF
OBJECTION TO GRANTING OF EX PARTE EXTENSION OF TIME TO FILE AN ANSWER TO
PLAINTIFFS PETITION FOR DAMAGES OR OTHER RESPONSIVE PLEADINGS AND
RESPONSES TO PLAINTIFFS DISCOVERY REQUESTS.** of which a true and correct copy
accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th
Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within **FIFTEEN (15)
CALENDAR** days after the service hereof, under penalty of default.

This service was requested by attorney RANDOLPH P. RUSSELL and was issued by the Clerk Of
Court on the 1st day of May, 2002.

Terry L Guidry, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

────────────────────────────────────────────────

(101) Citation: ISS PET WRONGFUL DEATH, ; INTERR, REQ PROD, 1ST REQ   020501-8783-6
ADMISS, 1ST REQ ADMISS, NOT DEPO, NOTICE OF OBJECTION

**SERVICE INFORMATION**

Received on the _____ day of _____, _____ and on the _____ day of
_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____.

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish
in the hands of _____, a person of suitable age and discretion
residing in said domicile and whose name and other facts connected with this service, I learned by
interrogating the said person, said party herein being absent from his residence at the time of said
service.

interrogating the said person, said party herein being absent from his residence at the time of said service

RETURNED: Parish of _____ this _____ day of _____, _____.

SERVICE: $ _____          BY: _____
MILEAGE: $ _____               Deputy Sheriff
  TOTAL: $ _____

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 580-362        DIVISION " "        DOCKET NO.

JAKE JAMES, JR. and MRS. MONICA LEWIS JAMES,
Individually As Administrator and Administratrix, Respectively, of
The Estate of Their Minor Son DEVEN JAMES LEWIS, Deceased;
and as Natural Tutor and Tutrix, Respectively of Their Minor Son
JAKE JAMES, III, and of Their Minor Daughter JAKELINN JAMES;
and MS. ANNIE MAE CARTER

versus

TIG INSURANCE COMPANY, ET AL.

Filed: _____

                                                        _____
                                                              Deputy Clerk

PETITION FOR WRONGFUL DEATH DAMAGES,
SURVIVAL ACTION DAMAGES, BYSTANDER DAMAGES,
PERSONAL INJURY DAMAGES, NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS DAMAGES AND SPECIAL DAMAGES

TO THE HONORABLE TWENTY-FOURTH JUDICIAL DISTRICT COURT FOR THE
PARISH OF JEFFERSON, STATE OF LOUISIANA, AND THE JUDGES THEREOF:

The petition of JAKE JAMES, JR. and MRS. MONICA LEWIS JAMES, Individually,

as Administrator and Administratrix, Respectively, of Their Minor Son DEVEN JAMES

LEWIS, Deceased; and as Natural Tutor and Tutrix, Respectively, of Their Minor Son JAKE

JAMES, III, and of Their Minor Daughter JAKELINN JAMES; and MS. ANNIE MAE

CARTER, respectfully alleges and shows unto this Honorable Court the following:

I.

Petitioners JAKE JAMES, JR. and MRS. MONICA LEWIS JAMES are persons of the

lawful age of majority, residing in the Parish of Jefferson, State of Louisiana, who bring this cause

of action Individually and as Administrator and Administratrix, Respectively, of Their Minor

Son DEVEN JAMES LEWIS, Deceased, and as Natural Tutor and Tutrix, Respectively, of

Their Minor Son JAKE JAMES, III, and of Their Minor Daughter JAKELINN JAMES, for

all damages and causes of action cognizable at law for their own past, present and future physical

and mental injuries, the past, present and future physical and mental injuries of their minor son

JAKE JAMES, III and of their minor daughter JAKELINN JAMES, as well as for wrongful

death, survival and bystander damages arising from the violent death of their minor son DEVEN

1

**JAMES LEWIS, Deceased.**

2.

Petitioners **JAKE JAMES, JR.,** and **MRS. MONICA LEWIS JAMES** are a married couple of whose union there was born on August 8, 1994, their minor son **DEVEN JAMES LEWIS** (now deceased) and their minor children **JAKE JAMES, III** and **JAKELINN JAMES.**

3.

Petitioner **ANNIE MAE CARTER** is a person of the lawful age of majority, residing in the Parish of Jefferson, State of Louisiana, who is the mother of petitioner Jake James, Jr., who brings this cause of action for all damages and causes of action cognizable at law for her own past, present and future physical and mental injuries as well as bystander damages arising from witnessing the violent death of her grandson, **DEVEN JAMES LEWIS, Deceased.**

4.

Made defendants herein are the following:

A.      **MARK JOHNSON,** on information and belief, a major person residing in Arkansas, subject to the jurisdiction of this Honorable Court by way of the "Long Arm Statute," R.S. 13:3201(3) and other applicable provisions of Louisiana law; and

B.      **TIG INSURANCE COMPANY,** on information and belief, a foreign insurer authorized to do and/or doing business in the Parish of Jefferson, State of Louisiana, subject to the jurisdiction of this Honorable Court, and which at all times pertinent hereto was the vehicular and/or other liability insurer of defendant **MARK JOHNSON,** having written a policy or policies of insurance applicable to the 1993 tractor/trailer rig driven by defendant Mark Johnson at the time of the involved wreck and to the persons, events, and damages that are the subject of this petition

5.

The above listed defendants are liable individually, jointly, severally, and *in solido* (to the extent the law permits) unto petitioners, for reasonable sums with reference to said claims, for the following:

6.

On Saturday, October 27, 2001, at about 4:16 p.m., **DEVEN JAMES LEWIS, JAKE JAMES, III, JAKELINN JAMES** and **MS. ANNIE MAE CARTER** were passengers in a 1991 Geo Metro automobile operated by **MRS. MONICA LEWIS JAMES,** who was driving in an

2

eastbound direction on River Road approaching its intersection with Willswood Lane, in Waggaman, Jefferson Parish, Louisiana.

7.

On the same date at the same time, defendant **MARK JOHNSON,** who was in the course and scope of his employment by or other relationship with WASTE WOOD ENERGY, INC., with the permission of and on the authority of WASTE WOOD ENERGY, INC., was driving a 1993 Mack Truck Tractor/Trailer Rig owned, operated by, and/or in the custody of WASTE WOOD ENERGY, INC. on Willswood Lane in Waggaman, Jefferson Parish, heading toward River Road.

8.

On the same date and at the same time at the aforementioned location, the 1991 Geo Metro vehicle driven by **MRS. MONICA LEWIS JAMES,** and in which **DEVEN JAMES LEWIS, JAKE JAMES, III, JAKELINN JAMES,** and **MS. ANNIE MAE CARTER** were passengers, suddenly and without warning was violently rammed on the right rear passenger side by the aforementioned 1993 Mack Truck Tractor/Trailer Rig driven by defendant **MARK JOHNSON** when defendant **MARK JOHNSON,** in reckless and wanton disregard for public safety, negligently failed to stop or yield at the stop sign at Willswood due to inattentiveness and/or due to being under the influence of drugs, such that he illegally entered Monica Lewis' lane of travel on River Road, causing the Geo to be ripped open at the back right door, to rotate violently, and to spin into the opposite lane of travel, causing the injuries, death, and damages that are the subject of this petition.

9.

The aforesaid casualty was legally and/or proximately caused by the negligence of defendant **MARK JOHNSON** in the following non-exclusive list of particulars:

A.   Failing to heed the stop sign and/or illegally "running" the stop sign at the intersection of Willswood Lane and River Road;

B.   In failing to yield the right-of-way of petitioner's vehicle approaching on a favored street;

C.   Failing to timely observe the Geo Metro traveling on River Road and failing to timely apply his brakes and stop his vehicle before turning right onto River Road to avoid ramming the Geo Metro;

3

D.     Failing to see what he should have seen and failing to take appropriate evasive action to avoid ramming the Geo Metro;

E.     Failing to maintain a safe and proper lookout for traffic in the vicinity of the 1993 Mack truck tractor/trailer rig before making a right hand turn onto River Road so as to avoid colliding with other vehicles driving in the area;

F.     Operating a 1993 Mack truck tractor/trailer that he knew or should have known was dangerously overloaded;

G.     Operating the 1993 Mack truck tractor/trailer in wanton and reckless disregard for public safety while under the influence of drugs;

H.     Inattentiveness to the roadway and failing to see what he should have seen;

I.     In negligently making a dangerous right turn without properly signaling an intention to turn right and/or without first ascertaining that the right turn could be made with reasonable safety;

J.     In failing to refrain from executing a right-hand turn until such could be accomplished with reasonable safety;

K.     In failing to keep a proper lookout, negligently entering an intersection and carelessly attempting to turn right onto a favored street when there was no reasonable opportunity to do so without endangering or impending passage of petitioner's vehicle on the favored street;

L.     In failing to keep his vehicle under proper control;

M.     In carelessly operating his vehicle;

N.     In operating a vehicle that he knew or should have known he could not safely operate due to his lack of education, training and/or experience and/or his past performance relative to the operation of the vehicle; and

O.     In failing to do any act by which to avoid the collision; and

P.     Such other acts of negligence, by omission and/or commission, as will be discovered in the course of processing this litigation;

all of which said acts of negligence, both omission and commission, are in violation of the dictates of common sense and prudent conduct and of the ordinances of the Parish of Jefferson and the statutes of the State of Louisiana, all of which are pleaded by reference herein as if copied herein

4

*in extenso*, and which negligent acts constitute callous disregard for the safety, care, and health of petitioners, the minor children referred to above, and the public at large.

10.

As proximate and/or legal results of the aforesaid incident, petitioners' son **decedent DEVEN JAMES LEWIS** (age 7) was caused to suffer severe and painful personal injuries to various parts of his body (from which he expired), requiring emergency medical and/or other professional care, and transportation to the morgue, all of which were to the damage of **decedent DEVEN JAMES LEWIS** in reasonable sums to be determined by the fact finder at the trial of this case, said damages itemized as follows:

    A.     Pre-terminal pain and suffering;

    B.     Pre-terminal fear and mental anguish;

    C.     Medical and miscellaneous expenses; and

    D.     Funeral and burial expenses;

for which petitioners bring this cause of action individually and as administrator and administratrix, respectively, on behalf of the estate of their minor son **DEVEN JAMES LEWIS (Deceased)**, seeking just and reasonable compensation from defendant and his insurers (consistent with the evidence that will be presented at the trial of this matter).

11.

At the time of his death, **DEVEN JAMES LEWIS** was a loving son, who had an extremely close relationship with his parents, such that his death has caused petitioners the loss of **DEVEN JAMES LEWIS'** consortium, service and society, past, present, and future, for which his mother and father individually seek recovery of said damages from the defendant and his insurers (consistent with the evidence that will be presented at the trial of this matter).

12.

As a direct and proximate result of the fault of defendants, petitioner **MRS. MONICA LEWIS JAMES** has suffered personal damages as a result of seeing at the scene the **HORRIFIC INJURIES TO HER SON DEVEN**, the anxiety and stress on learning of the **DEATH OF DEVEN**, extreme concern for the welfare of and fear of injury of her two other minor children in the car, **JAKE JAMES, III AND JAKELINN JAMES**, as well as severe anxiety and stress caused by seeing at the scene, in the transportation to the hospital, and the treatment in the emergency room

5

and in the hospital the injuries to said two other minor children, said damages cognizable at law pursuant to the legal doctrine set forth in LeJeune v. Rayne Branch Hospital, 556 So. 2d 559 (La. 1990), and its progeny and LSA-C.C. Art. 2315.6 and/or other applicable Louisiana laws and jurisprudence, all compensable to petitioner in amounts to be determined by the fact finder on the evidence presented at trial, for which she seeks recovery in this petition.

13.

As a direct and proximate result of the fault of defendants, petitioner **JAKE JAMES, JR.** has suffered personal damages as a result of seeing at the scene the **HORRIFIC INJURIES TO HIS SON DEVEN**, injured and killed in the wreck, the anxiety and stress on learning of the **DEATH OF DEVEN**, extreme concern for the welfare of and fear of injury of his minor children, **JAKE JAMES, III AND JAKELINN JAMES**, as well as severe anxiety and stress caused by seeing at the scene, in the transportation to the hospital, and the treatment in the emergency room and in the hospital of the injuries to said minor children, said damages cognizable at law pursuant to the legal doctrine set forth in LeJeune v. Rayne Branch Hospital, 556 So. 2d 559 (La. 1990), and its progeny and LSA-C.C. Art. 2315.6 and/or other applicable Louisiana laws and jurisprudence, all compensable to petitioner in amounts to be determined by the fact finder on the evidence presented at trial, for which he seeks recovery in this petition.

14.

As a direct and proximate result of the fault of defendants, petitioner **MS. ANNIE MAE CARTER** has suffered personal damages as a result of seeing at the scene the grave injuries to and critical condition of her grandchild **DEVEN JAMES LEWIS** who was injured and killed in the wreck, extreme concern for the welfare of her grandchildren **JAKE JAMES, III and JAKELINN JAMES**, as well as severe anxiety and stress caused by seeing at the scene, in the transportation to the hospital and the treatment in the emergency room and in the hospital of the injuries to said grandchildren, said damages cognizable at law pursuant to the legal doctrine set forth in LeJeune v. Rayne Branch Hospital, 556 So. 2d 559 (La. 1990) and its progeny and LSA-C.C. Art. 2315.6 and/or other applicable Louisiana laws and jurisprudence, all compensable to petitioner in amounts to be determined by the fact finder on the evidence presented at trial, for which she seeks recovery in this petition.

15.

6

As a direct and proximate result of the fault of defendants, the minor **JAKE JAMES, III** has suffered personal damages as a result of seeing at the scene, the grave injuries to and critical condition of his brother **DEVEN JAMES LEWIS** who was injured and killed in the wreck, said damages cognizable at law pursuant to the legal doctrine set forth in LeJeune v. Rayne Branch Hospital, 556 So. 2d 559 (La. 1990) and its progeny and LSA-C.C. Art. 2315.6 and/or other applicable Louisiana laws and jurisprudence, all compensable to petitioner in amounts to be determined by the fact finder on the evidence presented at trial, for which his parents seek recovery on his behalf in this petition.

16.

As a direct and proximate result of the fault of defendants, the minor **JAKELINN JAMES** has suffered personal damages as a result of seeing at the scene the grave injuries to and critical condition of her brother **DEVEN JAMES LEWIS**, who was injured and killed in the wreck, said damages cognizable at law pursuant to the legal doctrine set forth in LeJeune v. Rayne Branch Hospital, 556 So. 2d 559 (La. 1990) and its progeny and LSA-C.C. Art. 2315.6 and/or other applicable Louisiana laws and jurisprudence, all compensable to petitioner in amounts to be determined by the fact finder on the evidence presented at trial, for which her parents seek recovery on her behalf in this petition.

17.

As results of the aforesaid casualty, **MONICA LEWIS JAMES** has been caused to suffer personal injuries to various parts of her body and psyche, causing severe physical pain and mental anguish; she has required medical care; she has been disabled and handicapped in her every day activities; she has incurred medical and miscellaneous expenses; she has suffered nervous shock and other injuries to her nervous system and psyche; she may require further medical treatment; her sufferings and damages are continuing and will extend into the future; the full sequela and residual conditions from all of this are presently unknown but likely will be severe and probably are permanent; there might be other injuries to her body and mind as may become known or manifest themselves between the date of filing of this petition and the date of trial of this case, the full extent of petitioner's injuries being presently unknown, but all of which have been, are, and will continue to be to the damage of **MONICA LEWIS JAMES** in reasonable sums to be determined by the fact finder, said damages itemized as follows:

7

A.   PAIN AND SUFFERING,
     Past, Present and Future;

B.   MENTAL ANGUISH,
     Past, Present and Future;

C.   LOSS OF LIFE'S PLEASURES AND PERSONAL DISABILITIES,
     Past, Present and Future;

D.   MEDICAL AND MISCELLANEOUS EXPENSES,
     Past, Present, and Future; and

E.   LOSS OF WAGES AND DIMINISHED EARNING CAPACITY,
     Past, Present, and Future;

for which petitioner **MONICA LEWIS JAMES** seeks reasonable and just compensation (consistent with the evidence that will be presented at the trial of this matter on her behalf).

18.

As results of the aforesaid casualty, **ANNIE MAE CARTER** has been caused to suffer severe personal injuries to various parts of her body, causing severe physical pain and keen mental anguish; she has required medical care; she has been disabled and handicapped in her every day activities; she has incurred medical and miscellaneous expenses; she has suffered nervous shock and other injuries to her nervous system and psyche; she may require further medical treatment; her sufferings and damages are continuing and will extend into the future; the full sequela and residual conditions from all of this are presently unknown but likely will be severe and probably are permanent; there might be other injuries to her body and mind as may become known or manifest themselves between the date of filing of this petition and the date of trial of this case, the full extent of petitioner's injuries being presently unknown, but all of which have been, are, and will continue to be to the damage of **ANNIE MAE CARTER** in reasonable sums to be determined by the fact finder, said damages itemized as follows:

A.   PAIN AND SUFFERING,
     Past, Present and Future;

B.   MENTAL ANGUISH,
     Past, Present and Future;

C.   LOSS OF LIFE'S PLEASURES AND PERSONAL DISABILITIES,
     Past, Present and Future; and

D.   MEDICAL AND MISCELLANEOUS EXPENSES,
     Past, Present, and Future;

for which petitioner **ANNIE MAE CARTER** seeks reasonable and just compensation (consistent with the evidence that will be presented at the trial of this matter on her behalf).

19.

As results of the aforesaid casualty, the minor **JAKELINN JAMES** has been caused to suffer personal injuries to various parts of her body, causing physical pain and mental anguish; she

8

has required medical care; she has been disabled and handicapped in her every day activities; she has incurred medical and miscellaneous expenses; she has suffered nervous shock and other injuries to her nervous system and psyche; she may require further medical treatment; her sufferings and damages are continuing and will extend into the future; the full sequela and residual conditions from all of this are presently unknown; there might be other injuries to her body and mind as may become known or manifest themselves between the date of filing of this petition and the date of trial of this case, the full extent of her injuries being presently unknown, but all of which have been, are, and will continue to be to the damage of **JAKELINN JAMES** in reasonable sums to be determined by the fact finder, said damages itemized as follows:

    A.      PAIN AND SUFFERING,
                Past, Present and Future;

    B.      MENTAL ANGUISH,
                Past, Present and Future;

    C.      LOSS OF LIFE'S PLEASURES AND PERSONAL DISABILITIES,
                Past, Present and Future; and

    D.      MEDICAL AND MISCELLANEOUS EXPENSES,
                Past, Present, and Future;

for which her parents seek reasonable and just compensation on her behalf (consistent with the evidence that will be presented at the trial of this matter on her behalf).

20.

As results of the aforesaid casualty, the minor **JAKE JAMES, III** has been caused to suffer personal injuries to various parts of his body, causing physical pain and mental anguish; he has required medical care; he has been disabled and handicapped in his every day activities; he has incurred medical and miscellaneous expenses; he has suffered nervous shock and other injuries to his nervous system and psyche; he may require further medical treatment; his sufferings and damages are continuing and will extend into the future; the full sequela and residual conditions from all of this are presently unknown; there might be other injuries to his body and mind as may become known or manifest themselves between the date of filing of this petition and the date of trial of this case, the full extent of petitioner's injuries being presently unknown, but all of which have been, are, and will continue to be to the damage of **JAKE JAMES, III** in reasonable sums to be determined by the fact finder, said damages itemized as follows:

    A.      PAIN AND SUFFERING,
                Past, Present and Future;

    B.      MENTAL ANGUISH,
                Past, Present and Future;

    C.      LOSS OF LIFE'S PLEASURES AND PERSONAL DISABILITIES,
                Past, Present and Future; and

9

D.    MEDICAL AND MISCELLANEOUS EXPENSES,
      Past, Present, and Future;

for which his parents seek reasonable and just compensation on his behalf (consistent with the
evidence that will be presented at the trial of this matter on his behalf).

21.

On information and belief, pursuant to a Scientific Analysis Report of the Louisiana State
Police Crime Laboratory, a toxicology drug screen examination of a urine specimen provided by
defendant **MARK JOHNSON** on the date of the wreck positively confirmed that the specimen
contained a major metabolite of tetrahydrolcannabinol, 11-nor-delta-9THC-carboxylic acid and
hydrocodone. The effects of these drugs, if any, are presently unknown, but should discovery
proceedings show that the drugs found in defendant Mark Johnson's urine were a second, separate,
independent causative factor in the wreck, then in addition to compensatory damages, petitioners
**JAKE JAMES, JR. and MRS. MONICA LEWIS JAMES, Individually, as Administrator and
Administratrix, Respectively, of Their Minor Son DEVEN JAMES LEWIS, Deceased; and as
Natural Tutor and Tutrix, respectively, of Their Minor Son JAKE JAMES, III, and of Their
Minor Daughter, JAKELINN JAMES; and MS. ANNIE MAE CARTER** aver as a second,
separate, independent type of damages that they are entitled to recover **punitive or exemplary**
damages pursuant to LSA-C.C. Art. 2315.4, compensable to all petitioners in amounts to be
determined by the fact finder on the evidence presented at trial, for which petitioners seek recovery.

22.

At all times pertinent herein, on information and belief, defendant **TIG INSURANCE
COMPANY** issued a policy or policies of insurance applicable to the persons, things, events, and
damages that are the subject of this petition, and, as such, said defendant is sued directly herein
pursuant to the provisions of the Louisiana Direct Action Statute.

23.

With reference to the facts and circumstances of this casualty, petitioners plead the legal
doctrine of *Res Ipsa Loquitur*.

24.

Petitioners, **JAKE JAMES, JR., MRS. MONICA LEWIS JAMES**, individually and in
their representative capacities and **ANNIE MAE CARTER** also plead unavailing amicable
demand as to the damages associated with the death of **DEVEN JAMES LEWIS**.

10

25.

On information contained in the applicable police report of the investigation of the subject wreck, petitioners note that the aforementioned 1993 Mack truck tractor/trailer operated by defendant Mark Johnson at the time of the wreck was overloaded with rail ties; that the truck was overloaded with rail ties at a local business situated somewhere in Jefferson Parish, Louisiana, by one or more persons other than defendant Mark Johnson and who were likely Louisiana residents; and, that the overloading of the truck might have contributed to the wreck in some way, the names, domiciles, and details of which are presently unknown despite repeated efforts to obtain same prior to filing this lawsuit.

26.

Petitioners respectfully aver that in the event that the allegations contained in the preceding paragraph are confirmed through discovery proceedings then petitioners will formally supplement and amend this petition to add the correct names and domiciles of the following additional defendants herein and the following allegations to wit:

27.

C.     "JOHN DOE" (the true and correct name of whom is presently unknown despite unsuccessful attempts to obtain same but which will be substituted when discovered), on information and belief, a major person residing in Louisiana and subject to the jurisdiction of this Honorable Court;

D.     "ABC COMPANY" (the true and correct name of which is presently unknown despite unsuccessful attempts to obtain same but which will be substituted when discovered), on information and belief, a domestic corporation or other business entity, authorized to and/or doing business in the Parish of Jefferson, State of Louisiana, and/or otherwise subject to the jurisdiction of this Honorable Court, which at all times pertinent herein was the employer of defendant "JOHN DOE" for whose negligent actions or inactions it is responsible under the legal doctrine of *Respondeat Superior*; and

E.     "XYZ INSURANCE COMPANY" (the true and correct name of which is presently unknown despite unsuccessful attempts to obtain same but which will be substituted when discovered), on information and belief a foreign insurer, authorized to and/or doing business in the State of Louisiana, Parish of Jefferson, and/or otherwise subject to the jurisdiction of this Honorable Court, which, at all times pertinent herein, was the liability insurer of defendants **JOHN DOE** and/or **ABC COMPANY**, and, as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes.

11

28.

The negligence of defendant "JOHN DOE" was a contributing legal and/or proximate cause of the casualty and damages in the following non-exclusive list of particulars:

    A.    Negligently overloading the 1993 Mack truck tractor/trailer with rail ties and/or other materials in violation of industry standards, customary or reasonable safe practices and/or various laws and regulations which said defendant knew or should have known would cause the truck to be difficult or impossible to slow down or bring to a stop thereby causing the truck to pose an unreasonably dangerous hazard or risk of harm to all motorists traveling on the roadways near the truck;

    B.    Failing to warn the operator of the 1993 Mack truck tractor/trailer that the tractor/trailer was dangerously overloaded and thereby in an unreasonably dangerous condition; and

    C.    Such other acts of negligence, by omission and/or commission, as will be discovered in the course of processing this litigation;

all of which said acts of negligence, both omission and commission, are in violation of the dictates of common sense and prudent conduct and of the ordinances, statutes, and regulations of the Parish of Jefferson, and the State of Louisiana, all of which are pleaded by reference herein as if copied herein *in extenso*, and which negligent acts constitute callous disregard for the safety, care, and health of petitioners' minor children referred above, and the public at large.

29.

At the time of the casualty made the basis of this lawsuit and at all times pertinent herein, defendant JOHN DOE was employed by and/or otherwise was under a contractual relationship with, and/or engaged in a joint venture or other form of business operation or entity with defendant ABC COMPANY, thereby making defendant ABC COMPANY vicariously liable for the plaintiffs' damages under the Doctrine of *Respondent Superior* for the negligent acts of omission and/or commission of defendant JOHN DOE.

30.

The aforesaid incident and all damages resulting therefrom also were proximately caused by the direct fault, negligence, carelessness, inattention, recklessness, and dereliction of ABC COMPANY in the following non-exclusive list of particulars:

    A.    In failing to train its employee JOHN DOE to properly and safely load a tractor/trailer in compliance with industry standards, customary or reasonable, safe

12

practices, and/or various laws and regulations applicable to commercial vehicle weight restrictions;

B.      In failing to supervise its employee John Doe to insure that he properly loaded the 1993 Mack truck tractor/trailer so that the truck was not overloaded or overweight;

C.      Negligently allowing its employee John Doe to overload railroad ties onto the 1993 Mack truck tractor/trailer when it knew or should have known that said employee did not possess the education, training, experience or skill necessary to properly and safely load said vehicle in accord with all applicable weight restrictions and/or limitations;

D.      Failing to warn the operator of the 1993 Mack truck tractor/trailer that the tractor/trailer was overloaded and thereby in an unreasonably dangerous condition; and

E.      In all other ways that may be shown at the trial of this matter after discovery;

all of which are in violation of the dictates of common sense, statutes and ordinances of the Parish of Jefferson and/or the statutes and the jurisprudential laws of the State of Louisiana, and all of which are plead herein by reference as if copied herein *in extenso.*

31.

At all times pertinant herein, on information and belief, defendant **XYZ INSURANCE COMPANY** issued a policy or policies of insurance applicable to the persons, things, events, and damages that are the subject of this petition, and, as such, said defendant is sued directly herein pursuant to the provisions of the Louisiana Direct Action Statute.

**WHEREFORE,** petitioners respectfully pray that defendants be served with copies of this petition and be duly cited to appear and answer the same, and that, after legal delays and all due proceedings, there be judgments herein in favor of **petitioners, JAKE JAMES, JR.** and **MRS. MONICA LEWIS JAMES, Individually, as Administrator and Administratrix, Respectively, of Their Minor Son DEVEN JAMES LEWIS, Deceased; and as Natural Tutor and Tutrix, respectively, of Their Minor Son JAKE JAMES, III, and of Their Minor Daughter, JAKELINN JAMES; and MS. ANNIE MAE CARTER,** in appropriate amounts to be determined by the fact finder, said judgments against defendants, **TIG INSURANCE COMPANY** and **MARK JOHNSON,** (as well as additionally against defendants John Doe, ABC Company, and XYX Insurance Company if supported by discovered facts), jointly, severally and in solido, (to the

13

extent allowed by law) together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, for all general and equitable relief, and for trial by jury.

Respectfully submitted,

**ATES & ASSOCIATES**
**A Professional Law Corporation**

BY: _____
RANDOLPH P. RUSSELL, T.A. (#24209)
J. ROBERT ATES, (#2580)
DAVID R. CANNELLA (#26231)
13726 River Road, Suite A
Destrehan, Louisiana 70047
Telephone: (985) 764-9911
Facsimile: (985) 764-9686
**ATTORNEYS FOR PETITIONERS,**
**INDIVIDUALLY AND IN THEIR**
**REPRESENTATIVE CAPACITIES**

14

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary, came and appeared the undersigned.

### JAKE JAMES, JR.
### MONICA LEWIS JAMES

persons of the full age of majority who after being sworn did depose and state that the allegations
set forth in the foregoing in the attached Petition For Damages pleading filed contemporaneously
herewith are true and correct to the best of affiants' personal knowledge and belief.

_____          4-19-02
JAKE JAMES, JR.                           DATE

_____          4-19-02
MONICA LEWIS JAMES                        DATE

Sworn to and subscribed before me,
Notary Public, this _____ day of _____, 2002
in _____, Louisiana.

_____
NOTARY PUBLIC

15

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

PLEASE SERVE THE BELOW LISTED DEFENDANTS
WITH THE PETITION AND THE FOLLOWING PLEADINGS
AND DISCOVERY REQUESTS:

1.  Plaintiffs' First Set of Interrogatories Propounded to Defendants Mark Johnson and TIG Insurance Company;

2.  Plaintiffs' Request for Production and Inspection Propounded to Defendants Mark Johnson and TIG Insurance Company;

3.  Plaintiffs' First Request for Admissions of Facts Propounded to Defendant TIG Insurance Company;

4.  Plaintiffs' First Request for Admissions of Facts Propounded to Defendant Mark Johnson;

5.  Notice of Deposition; and

6.  Notice of Objection to Granting of Ex Parte Extension of Time to File An Answer to Plaintiffs' Petition for Damages or Other Responsive Pleadings and Responses to Plaintiffs' Discovery Requests.

**TIG INSURANCE COMPANY**
Through the Secretary of State
Baton Rouge, LA

**MARK JOHNSON (Via Louisiana Long Arm Statute)**
671 Ashley 4 Road
Hamburn, AR 71646

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 580-362                                          DIVISION "F"

**JAKE JAMES, JR. and MRS. MONICA LEWIS JAMES,**
**Individually As Administrator and Administratrix, Respectively, of**
**The Estate of Their Minor Son DEVEN JAMES LEWIS, Deceased;**
**and as Natural Tutor and Tutrix, Respectively of Their Minor Son**
**JAKE JAMES, III, and of Their Minor Daughter JAKELINN JAMES;**
**and MS. ANNIE MAE CARTER**

VERSUS

**TIG INSURANCE COMPANY, ET AL.**

FILED: _____          _____
                                                       DEPUTY CLERK

### NOTICE OF REMOVAL

**PURSUANT TO** U.S.C. Section 1446(e), you are hereby notified that the attached

Petition for Removal of the above entitled and numbered civil action has been filed in the United

States District Court for the Eastern District of Louisiana, and a copy thereof has been filed with

the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of

Louisiana, effecting the removal of these proceedings.

Metairie, Louisiana, this 22nd day of May, 2002.

CERTIFICATE OF SERVICE

I hereby certify that I have served a
copy of the foregoing pleading upon
attorneys of record for all other parties in
this action by placing same, properly
addressed, in the U.S. mail with sufficient
postage to insure delivery this 22 day of
May 2002.

ROGER A. JAVIER

Respectfully submitted,

*HAILEY, McNAMARA, HALL, LARMANN*
*& PAPALE, LLP*

BY: _____
**LAURENCE E. LARMANN, T.A. #8044**
**ROGER A. JAVIER, #26056**
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504)836-6500
**Attorneys for Defendant, TIG Insurance Company**

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 590-332                                    DIVISION "F"

**JAKE JAMES, JR. and MRS. MONICA LEWIS JAMES,**
**Individually As Administrator and Administratrix, Respectively, of**
**The Estate of Their Minor Son DEVEN JAMES LEWIS, Deceased;**
**and as Natural Tutor and Tutrix, Respectively of Their Minor Son**
**JAKE JAMES, III, and of Their Minor Daughter JAKELINN JAMES;**
**and MS. ANNIE MAE CARTER**

VERSUS

**TIG INSURANCE COMPANY, ET AL.**

FILED: _____        _____
                                                    DEPUTY CLERK

### NOTICE TO PARTIES AND STATE COURT OF REMOVAL

**TO:**   Clerk of Court                      Randolph Russell
          **24TH JUDICIAL DISTRICT COURT**    **ATES & ASSOCIATES**
          Parish of Jefferson                 13726 River Road, Suite A
          State of Louisiana                  Destrehan, LA 70047
          200 Derbigny, Sixth Floor
          Gretna, LA 70053

**PLEASE TAKE NOTICE** that TIG Insurance Company has filed a Notice of Removal of this action with the United States District Court for the Eastern District of Louisiana. A copy of the Notice of Removal filed in the office of the Clerk of the United States District Court for the Eastern District of Louisiana is attached. A copy of this Notice is hereby being provided to the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

The removal of this action was authorized by 28 U.S.C. §1446, and the filing of a copy of this Notice of Removal with the Clerk of the, 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, precludes that Court from any further proceedings in this action unless and until the action is remanded from the United States District Court.

Metairie, Louisiana this 22nd day of May, 2002.

Respectfully submitted,

*HAILEY, McNAMARA, HALL, LARMANN*
*& PAPALE, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon attorneys of record for all other parties in this action by placing same, properly addressed, in the U.S. mail with sufficient postage to insure delivery this _____ day of _____ 2002.

_____
ROGER A. JAVIER

BY: _____
**LAURENCE E. LARMANN, T.A. #8044**
**ROGER A. JAVIER, #26056**
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504)836-6500
**Attorneys for Defendant, TIG Insurance Company**